**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| GERARDO J. PERALES, JR., <br><br> Plaintiff, <br><br> v. <br><br> THE CBE GROUP, INC. and JEFFERSON CAPITAL SYSTEMS LLC, <br><br> Defendants. | Case No. 5:22-cv-00247 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ*.** <br> 2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 *ET SEQ*.** <br><br> JURY TRIAL DEMANDED |

**NOW COMES** GERARDO J. PERALES, JR., through undersigned counsel, complaining of THE CBE GROUP, INC. and JEFFERSON CAPITAL SYSTEMS LLC (collectively "Defendants"), as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendants' violation(s) of the Fair

Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"), Cal. Civ. Code §1788 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4. Gerardo J. Perales, Jr. ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Indio, California.

5. The CBE Group, Inc. ("CBE") is a corporation which maintains its principal place of business at 1309 Technology Parkway, Cedar Falls, Iowa 50613.

6. CBE is a debt collection firm that has been "serving hundreds of creditors, universities and federal government clients" since 1933.[1]

7. Jefferson Capital Systems LLC ("Jefferson") is a limited liability company with its principal place of business located at 700 17th Street, Suite 1400, Denver, Colorado 80202.

8. Jefferson is "an established Debt Buyer and Debt Collector."[2]

## FACTUAL ALLEGATIONS

9. On January 19, 2022, CBE mailed Plaintiff a letter ("CBE's Letter) in

---

[1] https://www.cbecompanies.com/cbegroup, last visited February 2, 2022
[2] https://myjcap.com/question/list, last visited February 2, 2022.

2

an attempt to collect a debt for Jefferson ("subject debt").

10. CBE's Letter depicted, in pertinent part, as follows:

> The CBE Group, Inc.
> PO Box 2547
> Waterloo, IA 50704-2547
>
> (888)269-8980
> 8:00 a.m. - 9:00 p.m. CT Monday-Thursday 8:00 a.m. - 5:00 p.m. CT Friday
> www.paycbegroup.com
>
> To: Gerardo J Perales Jr
> 46640 Grand St
> Indio CA 92201-6028
>
> Reference: 20-15097899
> 01/19/22
>
> **The CBE Group, Inc. is a debt collector.** We are trying to collect a debt that you owe to JEFFERSON CAPITAL SYSTEMS LLC. We will use any information you give us to help collect the debt.
>
> **Our information shows:**
> You had a BANK OF AMERICA CHECKING BANK OF AMERICA NA from JEFFERSON CAPITAL SYSTEMS LLC with original account number ******6520.
>
> | | |
> |---|---|
> | As of 08/20/07, you owed: | $571.47 |
> | Between 08/20/07, and today: | |
> | You were charged this amount in interest: | + $0.00 |
> | You were charged this amount in fees: | + $0.00 |
> | You paid or were credited this amount toward the debt: | - $0.00 |
> | Total amount of the debt now: | $571.47 |
>
> Easily access your account by scanning this QR code with the camera on your smart device or login to your account at http://www.paycbegroup.com
>
> **How can you dispute the debt?**
> - Call or write to us by 2022-03-06, to dispute all or part of the debt. If you do not, we will assume that our information is correct.
> - If you write to us by 2022-03-06, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or you may write to us without the form. You may also include supporting documents. We accept disputes electronically at www.paycbegroup.com.
>
> **What else can you do?**
> - Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by 2022-03-06, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at www.paycbegroup.com.
> - Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.
> - Contact us about your payment options.
>
> Notice: See reverse side important information.
>
> 29_CDCBEG04_0024_OS_OS_JCAP
>
> The CBE Group, Inc.
> PO Box 2547
> Waterloo, IA 50704-2547
>
> 0024_OS   968441524
> Gerardo J Perales Jr
> 46640 Grand St
> Indio CA 92201-6028
>
> **How do you want to respond?**
> Check all that apply:
> ☐ I want to dispute the debt because I think:
>   ☐ This is not my debt.
>   ☐ The amount is wrong.
>   ☐ Other (please describe on the reverse or attach additional information).
>
> ☐ I want you to send me the name and address of the original creditor.
>
> ☐ I enclosed this amount: $_____
>
> Make your check payable to *The CBE Group, Inc.*
>
> Include the reference number 20-15097899
>
> 20 015097899000001784 0000000057147 011922 024 7

3

11. CBE's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

12. CBE's Letter did not conspicuously identify the "name of the creditor to whom the debt is owed" as required by §1692g(a)(2) of the FDCPA. 15 U.S.C. §1692g(a)(2).

13. Specifically, CBE's Letter states "You had a BANK OF AMERICA CHECKING BANK OF AMERICA NA from JEFFERSON CAPITAL SYSTEMS LLC" ("the Language").

14. Accordingly, CBE's Letter confused Plaintiff as he was unable to determine who the original creditor was and/or what the debt was for.

15. The Language is incoherent and implies that Jefferson is both the debt collector and the original credit to whom the debt is owed.

16. Further, Jefferson does not issue credit or loans – its principal business purpose is debt collection. Specifically, "Jefferson Capital Systems, LLC is an established Debt Buyer and Debt Collector."[3]

17. The Language implying that Jefferson was the creditor confused Plaintiff as Jefferson does not issue credit or loans, but is strictly a debt buyer and debt collector, as is easily attained through their website.

18. The Language prevented Plaintiff from being able to determine whether

---

[3] https://myjcap.com/question/list, last visited February 2, 2022.

"Jefferson Capital Systems LLC," "Bank of America NA," or some other entity was the original creditor to whom the subject debt was owed.

19. In other words, just because CBE's Letter identifies Jefferson as a creditor does not necessarily mean that it is also the current creditor nor does this information help Plaintiff understand who the original creditor was.

20. Further obfuscating the identity of the current creditor, CBE's Letter requested that payment be made directly to CBE and not Jefferson or Bank of America NA.

21. CBE's Letter included the language, "Because of the age of your debt, JEFFERSON CAPITAL SYSTEMS LLC will not sue you for it."

22. CBE's Letter confused Plaintiff as he was unable to determine if either CBE or the original creditor, Bank of America, were still able to sue on the subject debt.

23. In other words, just because Jefferson could not sue on the subject debt did not mean that CBE or Bank of America could not sue.

24. Moreover, as the Statute of Limitations on the subject debt expired, CBE had a duty to instruct Plaintiff that payment on the subject debt would revive the Statute of Limitations and open Plaintiff up to being sued on the subject debt.

25. Therefore, CBE's Letter seeks to scare Plaintiff into paying on the subject debt which would renew the Statute of Limitations.

**DAMAGES**

5

26. Largely due to Defendants' failure to clearly identify the current creditor or the original creditor, Plaintiff did not make a payment on the subject debt as the omission of the identities of the current creditor and the original creditor rendered it impossible for Plaintiff to determine who he is ultimately paying.

27. This uncertainty resulted in an appreciable risk of harm to Plaintiff because his decision not to pay, which was largely driven by the confusion pertaining to the owner of the subject debt, raised the risk of imminent adverse credit reporting of the subject debt by the owner of the subject debt, who is presently unknown.

28. As a result of the imminent risk of adverse credit reporting, which would damage Plaintiff's creditworthiness, Plaintiff suffered damages in the form of anxiety and fear.

29. There is no question that having information regarding the entity that Plaintiff was indebted to is of substantive value and material to Plaintiff's financial affairs. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ...").

30. Without this critical information, Plaintiff ran the risk of making payment to an unknown entity and having his payment swallowed into a black hole.

31. The value of receiving unambiguous and complete information about one's financial affairs—and the ill effects of receiving ambiguous or misleading information—may be hard to quantify, but it is nevertheless a concrete harm. *See*

*Haddad v. Midland Funding, LLC*, 255 F. Supp. 3d 735, 739 (N.D. Ill. 2017).

32. "Disclosing the identity of the creditor goes to the heart of what Congress sought to protect in §1692g(a) of the FDCPA" and the failure to disclose the same results in a "concrete and particularized injury-in-fact" that confers Article III standing. *Tataru v. RGS Fin.*, 2021 U.S. Dist. LEXIS 581, at *9-10 (N.D. Ill. 2021).

33. Based on the foregoing, Plaintiff was deprived of his right to receive critical information required by the FDCPA and was harmed as a result thereof.

## CLAIMS FOR RELIEF

### COUNT I:
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**
*(Against The CBE Group, Inc. and Jefferson Capital Systems LLC)*

34. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

36. CBE is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of CBE's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

37. Jefferson is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Jefferson's business is the purchase and collection of debt and (2) it regularly collects or attempts to collect debts owed or

due or asserted to be owed or due another.

38. On information and belief, the subject debt is a "debt" as defined by 15 U.S.C. §1692a(5) because CBE, Jefferson, and Bank of America NA deal with consumer debt.

**Violation(s) of 15 U.S.C. § 1692e**

39. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation in connection with the collection of any debt." 15 U.S.C. §1692e.

40. Section 1692e(10) of the FDCPA prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt. . ." 15 U.S.C. §1692e(10).

41. As pled above, the Language used in CBE's Letter is so incoherent that Plaintiff was unable to determine the debt which CBE was attempting to collect or who the original creditor was.

42. Defendants violated §§1692e and e(2) by misrepresenting the identity of the original creditor in CBE's Letter.

43. Specifically, stating the Language in CBE's Letter implying that Jefferson was the original creditor even though Jefferson does not issue credit or loans fell short of Defendants' obligation to conspicuously identify the original creditor.

**Violation(s) of 15 U.S.C. §1692f**

44. Pursuant to §1692f, the FDCPA prohibits a debt collector from using "unfair and unconscionable means to collect or attempt to collect any debt."

45. CBE violated 15 U.S.C. §1692f when it unfairly sought to take advantage of Plaintiff's lack of knowledge regarding the Statute of Limitations on suing on a debt. CBE sought to unfairly exploit Plaintiff into possible litigation by inducing him to make payments on the subject debt and renewing the Statute of Limitations. Plaintiff could pay the subject debt only to be exposed to the legal consequences.

46. CBE further violated 15 U.S.C. §1692f by using confusing language when stating whether or not Plaintiff could be sued on the subject debt.

47. Specifically, CBE only stated the *Jefferson* could not sue on the subject debt but did not advise Plaintiff if either CBE or the original creditor, Bank of America, still had the ability to sue.

48. Plaintiff was confused by this language as he became powerless to make a decision on whether or not to make a payment on the subject debt.

49. Plaintiff was concerned that making a payment on the subject debt would allow CBE or Bank of America to sue him.

50. Also, CBE's language confused Plaintiff as to whether or not CBE or the original creditor, Bank of America, had the ability to sue him now, even without him making a payment.

**Violation(s) of 15 U.S.C. § 1692g**

51.  Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1) the amount of the debt;

    (2) **the name of the creditor to whom the debt is owed**;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g(a) (emphasis added).

52.  Section 1692g of the FDCPA requires debt collectors to make certain disclosures, including the identity of the original creditor and the current creditor.

53.  Defendants violated 15 U.S.C. §1692g by failing to adequately provide

Plaintiff with the disclosures required by the FDCPA.

54. Specifically, Defendants violated §1692g(a)(2) by failing to clearly identify the original creditor and the current creditor to whom the subject debt is owed.

55. As set forth above, CBE's Letter confused Plaintiff as he was unable to determine whether Jefferson, Bank of America NA, CBE, or an unknown third party was the original creditor or the current creditor to whom the subject debt was owed.

56. The confusing and misleading Language of CBE's Letter impacted Plaintiff's decision to pay the debt and thus Defendants' omissions and misrepresentations were material.

57. Assuming that Jefferson is in fact the creditor to whom the subject debt is owed, CBE's Letter is still deficient because "[t]he mere presence of the correct name in the notice somewhere does not suffice." *Steffek v. Client Services, Inc.*, 948 F.3d 761, 765 (7th Cir. 2020).

58. As set forth above, Plaintiff was harmed by the omissions in CBE's Letter and is therefore entitled to relief.

**WHEREFORE**, Plaintiff, GERARDO J. PERALES, JR., requests that this Honorable Court enter judgment in his favor as follows:

A. a finding that Defendants violated 15 U.S.C. §§1692;

B. an award of any actual damages sustained by Plaintiff as a result of Defendants' violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
## Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §1788 et seq.)
### (Against The CBE Group, Inc. and Jefferson Capital Systems LLC)

59. Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

60. Plaintiff is a "person" as identified by Cal. Civ. Code §1788.2(g).

61. CBE is a "debt collector" as defined by Cal. Civ. Code §1788.2(c) because it regularly engages in debt collection in its ordinary course of business.

62. Jefferson is a "debt collector" as defined by Cal. Civ. Code §1788.2(c) because it regularly engages in debt collection in its ordinary court of business.

63. California Civil Code § 1788.17 provides:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the FDCPA], inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

64. As stated above, Defendants violated 15 U.S.C. §§ 1692e, f, and g(a), therefore violating Cal. Civ. Code § 1788.17.

**WHEREFORE**, Plaintiff, GERARDO J. PERALES, JR., respectfully requests that this Honorable Court grant judgment in his favor as follows:

    A.    Declaring that Defendants violated RFDCPA;

    B.    Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

    C.    Awarding the Plaintiff's costs and reasonable attorney fees; and

    D.    an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: February 8, 2022                        Respectfully submitted,

                                              **GERARDO J. PERALES, JR.**

                                              By: */s/ Nicholas M. Wajda*

                                              Nicholas M. Wajda
                                              **WAJDA LAW GROUP, APC**
                                              3111 Camino Del Rio North
                                              Suite 400
                                              San Diego, California 92108
                                              +1 310-997-0471
                                              nick@wajdalawgroup.com